UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

BRYAN "MARTY" WAUGH,

Defendant.

**SUPERSEDING INFORMATION**

S3 23 Cr. 370 (JGLC)

**COUNT ONE**
**(Tax Evasion)**

The United States Attorney charges:

1.      Beginning in or around 2001, BRYAN "MARTY" WAUGH, the defendant, was employed by a private investment company as a private aircraft pilot for the company's principal owner. WAUGH and his co-worker, who also served as a pilot for the owner of the company, were paid an annual salary, and federal income tax withholdings were deducted from their regular paychecks. In or around November 2016, WAUGH and his co-worker, requested a salary increase from their employer. At the time of the request, WAUGH's co-worker specified that they wanted to "defer" and "invest" the additional compensation and did not want any "salary increase or backpay … on the books for us." WAUGH and his co-worker were thereafter awarded the raise in their annual salary. However, to evade the paying of income taxes on that additional compensation, from at least in or about 2018 through in or about 2022, WAUGH "banked" a portion of his annual salary from his employer, and then received it in the form of lump-sum payments that were not reported to the Internal Revenue Service ("IRS").

2.      Under the Internal Revenue Code, loans and gifts are not subject to federal income tax to the recipient, and gifts from foreign nationals under $100,000 do not need to be reported to

the IRS. To conceal the nature of the unreported income that was being paid, BRYAN "MARTY" WAUGH, the defendant, his co-worker, and others documented the payments as "gifts" or "loans" which were never repaid. For instance, in July 2019 WAUGH's employer asked him whether they should hold his "outstanding payroll," and WAUGH responded that "if it's getting a little too large to be a 'gift' then yes, might as well clear it out now." WAUGH was then wired $67,500, purported as a "loan," but which was described in the company's internal records as "salary paid up to July 31, 2019." WAUGH did not report the $67,500 as income to the IRS. Similarly, in February 2020, WAUGH told his employer that he wanted to "withdraw $105K" of his "deferred compensation (needy Marty) funds," and asked whether he should "have some paperwork on this just in case." That same month, $105,000 was wired to WAUGH from an entity affiliated with his employer, with a notation on the wire transfer record that it was a "loan for Marty," notwithstanding that the funds had not been loaned, but were salary, and no loan agreement had been entered into with WAUGH. Then, in April 2020, WAUGH drafted a letter to be signed by his employer which falsely stated that the $105,000 that had been transferred to him was "reimbursement for accrued business expenses combined with a performance bonus." WAUGH suggested using that explanation because it "would be a bit more credible."

3.    As a result of this scheme, BRYAN "MARTY" WAUGH, the defendant, obtained nearly $500,000 in unreported income during the period 2018 through 2022. Specifically, in 2018, WAUGH received $165,562 in unreported income; in 2019, WAUGH received $67,500 in unreported income; in 2020, WAUGH received $165,000 in unreported income; and in 2022, WAUGH received $90,000 in unreported income. WAUGH used the unreported income for investments, such as to purchase stock of Australian Agricultural Company in 2018 and Solid Biosciences in 2019, and for other personal expenses.

## Statutory Allegations

4.  From at least in or about 2018 through in or about 2022, in the Southern District of New York and elsewhere, BRYAN "MARTY" WAUGH, the defendant, willfully and knowingly did attempt to evade and defeat a substantial part of the income tax due and owing by WAUGH to the United States of America for the calendar years 2018, 2019, 2020, and 2022, by various means, including, among others, receiving substantial personal income from his employer that was unreported; attempting to document such unreported income as "loans"; and preparing and causing to be prepared, signing and causing to be signed, and filing and causing to be filed with the IRS, false and fraudulent 2018, 2019, 2020, and 2022 U.S. Individual Income Tax Returns, Form 1040, which substantially understated WAUGH's personal taxable income, upon which taxable income, as WAUGH knew, there was a substantial amount of tax due and owing to the United States of America.

(Title 26, United States Code, Section 7201.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney